## DAVID STAPLES *v.* PETER LEONARD.

**Evidence—Oral Testimony to Prove Contents of Account Book.**
   Oral testimony is incompetent to prove the contents of an account book, without first accounting for the non-production of the book itself.

**Appeal and Error—Affidavit of Juror as Grounds for New Trial.**
   The affidavit of a juror as to the grounds of a verdict is inadmissible in a motion for a new trial.

**Accounts—Payment—Burden of Proof—Instructions.**
   Where the appellant pleads payment, the affirmative is upon him, and an instruction predicated thereon is proper.

APPEAL FROM SHELBY CIRCUIT COURT.

September 22, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The memorandum on which this action is brought acknowledges that, on a former settlement, the appellant owed the appellee a balance of $300 and agrees to pay him $100 unless his check had paid that sum instead of only $200, as claimed by the appellee. And it also acknowledges indebtedness for services for the year 1858, unless that account had been included in a subsequent settlement or otherwise satisfied. On those issues the appellant, therefore, held the affirmative of payment as claimed by him, and, on that subject, the instruction to the jury was right, and, there being no proof, the verdict as reduced by the remitter of an excess was proper.

The affidavit of a juror was inadmissible as the grounds of the verdict, and oral testimony was incompetent to prove the contents of the account book without accounting for the non-production of the book itself.

Wherefore, perceiving no substantial error, the judgment is affirmed.

*J. L. Caldwell,* for appellant.

*Harwood & Carpenter,* for appellee.